# POTTERS & DELLA PIETRA LLP

### COUNSELORS AT LAW

GARY POTTERS *
CHRISTOPHER V. DELLA PIETRA ▲
LAUREN H. BLAIR ▲
JODI S. BRODSKY ▲
MICHELE L. DELUCA ♦
* MEMBER OF NJ BAR
▲ MEMBER OF NY AND NJ BARS
♦ MEMBER OF NJ AND TN BARS

100 PASSAIC AVENUE • FAIRFIELD, NJ 07004
TEL (973) 575-5240 • FAX (973) 575-4468
www.pdplawfirm.com

MAILING ADDRESS:
P.O. BOX 657
WEST CALDWELL, NJ 07007-0657

NEW YORK OFFICE:
597 FIFTH AVENUE
NEW YORK, NY 10017
(212) 355-8555

April 18, 2013

ELECTRONICALLY FILED

Honorable Faith S. Hochberg, U.S.D.J.
United States District Court for the
District of New Jersey
Frank R. Lautenberg U.S.P.O. and Courthouse
Room 369
P.O. Box 999
Newark, New Jersey  07101

> Re:   Patient Care Associates LLC a/s/o L.B. v. Sequa Corporation, et al.
>        Civil Action No. 2:13-cv-02309-FSH-SCM
>        PDP File No. 80106.50525

Dear Judge Hochberg:

In accordance with Your Honor's Order dated April 16, 2013, defendant Sequa Corporation ("Sequa") responds as follows:

1.    A full explanation if all Defendants served at the time of removal did not join in the notice of removal.

Response:    Not applicable because the other defendants are fictitious "Doe" entities.

2.    A full explanation if the notice of removal was dated more than thirty (30) days after the first Defendant was served.

Response:    Not applicable because Sequa removed the action within thirty (30) days of being served with Plaintiff's Complaint, Summons and Track Assignment Notice.

3.    If the action has been removed on grounds of diversity jurisdiction, a statement if any of the Defendants served at the time of removal is a citizen of the forum state.

Response:    Not applicable because Sequa removed this action on the basis of federal question jurisdiction under the Employee Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq.

POTTERS & DELLA PIETRA LLP

COUNSELORS AT LAW

Honorable Faith S. Hochberg, U.S.D.J.
April 18, 2013
Page 2

    4.    If the action has been removed on grounds of diversity jurisdiction, the citizenship of Plaintiff and all named Defendants.

    Response:    Not applicable.  See response to No. 3, above.

    5.    If the action has been removed on grounds of diversity jurisdiction, both parties must submit a good faith estimate of the amount in controversy with supporting documentation.

    Response:    Not applicable.  See response to No. 3, above.

    6.    If the action has been removed on the basis of federal question jurisdiction, the federal statutory provision that gives rise to the jurisdiction and the specific section that provides Plaintiff with a private right of action.

    Response:    Count I is for violation of ERISA, 29 U.S.C. §1132(a)(1)(B).  The Court has jurisdiction over this claim pursuant to 29 U.S.C. §1132(e)(1).  Count II is for violation of fiduciary duties under ERISA.  Title 29 U.S.C. §1132(a)(3) provides a private right of action to a participant or beneficiary of an ERISA plan for violation of fiduciary duties thereunder.  Title 29 U.S.C. §1132(e)(1) vests exclusive jurisdiction for such claims in the District Courts of the United States.

                            /s/ Gary Potters
                            Gary Potters
                            POTTERS & DELLA PIETRA LLP
                            100 Passaic Avenue
                            Fairfield, NJ 07004
                            (973) 575-5240
                            Attorneys for Defendant,
                            Sequa Corporation

c:    Andrew R. Bronsnick, Esq. (by Facsimile & eFile)