**Document Filed Electronically**

GARY POTTERS, ESQ.
POTTERS & DELLA PIETRA LLP
100 PASSAIC AVENUE
FAIRFIELD, NEW JERSEY  07004
(973) 575-5240
Attorneys for Defendant,
Sequa Corporation

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATIENT CARE ASSOCIATES LLC a/s/o L.B.<br><br>Plaintiff,<br><br>v.<br><br>SEQUA CORPORATION; ABC CORP. (1-10) (Said names being fictitious and unknown entities),<br><br>Defendants. | Civil Action No. 2:13-cv-02309-FSH-SCM<br><br>ANSWER, AFFIRMATIVE DEFENSES, REQUEST FOR STATEMENT OF DAMAGES AND CERTIFICATIONS |

Defendant Sequa Corporation ("Sequa"), for its Answer to the Complaint of Plaintiff, Patient Care Associates LLC a/s/o L.B. ("Plaintiff"), through its counsel, Potters & Della Pietra, LLP, states as follows:

THE PARTIES

1. Sequa is without information sufficient to affirm or deny the allegations contained in Paragraph 1 of the Complaint.

2. Sequa admits it is engaged in business, including aerospace and metal coating, among other business operations.  Sequa makes no response to the allegation asserted in

Paragraph 2 of the Complaint, that it "actively serves customers from New Jersey," as the term "actively" is imprecise.  Sequa admits it is headquartered in Tampa, Florida.

3. Sequa makes no response to the allegation asserted in Paragraph 3 of the Complaint, that it "conducts business in every county in the State of New Jersey," as the phrase "conducts business" is imprecise. Sequa further makes no response to the legal conclusion asserted in Paragraph 3 of the Complaint regarding venue.

4. Sequa makes no response to the allegation asserted in Paragraph 4 of the Complaint because the term "maintains" is imprecise.

5. Sequa is without information sufficient to affirm or deny the allegations contained in Paragraph 5 of the Complaint.

6. Sequa is without information sufficient to affirm or deny the allegations contained in Paragraph 6 of the Complaint.

## SUBSTANTIVE ALLEGATIONS

7. Regarding the allegations asserted in Paragraph 7 of the Complaint, Sequa admits it provides healthcare insurance to its employees through United Healthcare and the terms of the plan speak for themselves.

8. Sequa is without information sufficient to affirm or deny the allegations contained in the first sentence in Paragraph 8 of the Complaint.  Sequa is further without information sufficient to affirm or deny the allegation contained in the second sentence in Paragraph 8 of the Complaint, that all of the surgical procedures performed were "medically necessary."  Sequa denies the allegation contained in the second sentence in Paragraph 8, that all of the surgical procedures performed were approved by Sequa.

9. Sequa makes no response to the legal conclusions asserted in Paragraph 9 of the Complaint.

10. Sequa denies the allegations asserted in Paragraph 10 of the Complaint.

11. Sequa denies the allegations asserted in Paragraph 11 of the Complaint.

12. Sequa denies the allegations asserted in Paragraph 12 of the Complaint.

13. Sequa makes no response to the statement of demand contained in Paragraph 13 of the Complaint.

14. Sequa denies the allegations asserted in Paragraph 14 of the Complaint.

15. Sequa is without information sufficient to affirm or deny the allegation contained in Paragraph 15 of the Complaint.

16. Sequa makes no response to the statement contained in Paragraph 16, as the allegations set forth in this lawsuit speak for themselves.

## FIRST COUNT

17. Sequa repeats and realleges its responses to paragraphs 1 through 16 of the Complaint as though fully set forth at length herein.

18. Sequa makes no response to the legal conclusion asserted in Paragraph 18 of the Complaint.

19. Sequa is without information sufficient to affirm or deny the allegations contained in Paragraph 19 of the Complaint.

20. Sequa makes no response to the legal conclusions asserted in Paragraph 20 of the Complaint.

21. Sequa makes no response to the legal conclusions asserted in Paragraph 21 of the Complaint.

22. Sequa makes no response to the legal conclusions asserted in Paragraph 22 of the Complaint.

23. Sequa is without information sufficient to affirm or deny the allegations contained in Paragraph 23 of the Complaint.

24. Sequa is without information sufficient to affirm or deny the allegation contained in Paragraph 24 of the Complaint.

25. Sequa makes no response to the legal conclusions asserted in Paragraph 25 of the Complaint.

26. Sequa denies the allegations asserted in Paragraph 26 of the Complaint.

27. Sequa denies the allegations asserted in Paragraph 27 of the Complaint.

28. Sequa denies the allegations asserted in Paragraph 28 of the Complaint.

29. Sequa makes no response to the legal conclusions asserted in Paragraph 29 of the Complaint.

30. Sequa denies the allegation asserted in Paragraph 30 of the Complaint.

WHEREFORE, Sequa Corporation demands judgment in its favor against Plaintiff dismissing the Complaint in its entirety with prejudice together with costs of suit, counsel fees and such other relief the Court deems equitable and just.

## SECOND COUNT

31. Sequa repeats and realleges its responses to paragraphs 1 through 30 of the Complaint as though fully set forth at length herein.

32. Sequa denies the allegation asserted in Paragraph 32 of the Complaint.

33. Sequa denies the allegation asserted in Paragraph 33 of the Complaint.

34. Sequa denies the allegation asserted in Paragraph 34 of the Complaint.

35. Sequa makes no response to the legal conclusion asserted in Paragraph 35 of the Complaint.

36. Sequa denies the allegations asserted in Paragraph 36 of the Complaint.

37. Sequa denies the allegations asserted in Paragraph 37 of the Complaint.

WHEREFORE, Sequa Corporation demands judgment in its favor against Plaintiff dismissing the Complaint in its entirety with prejudice together with costs of suit, counsel fees and such other relief the Court deems equitable and just.

## THIRD COUNT

38. Sequa repeats and realleges its responses to paragraphs 1 through 37 of the Complaint as though fully set forth at length herein.

39. Sequa denies the allegations asserted in Paragraph 39 of the Complaint.

40. Sequa denies the allegations asserted in Paragraph 40 of the Complaint.

41. Sequa denies the allegation asserted in Paragraph 41 of the Complaint.

42. Sequa denies the allegations asserted in Paragraph 42 of the Complaint.

WHEREFORE, Sequa Corporation demands judgment in its favor against Plaintiff dismissing the Complaint in its entirety with prejudice together with costs of suit, counsel fees and such other relief the Court deems equitable and just.

## FOURTH COUNT

43. Sequa repeats and realleges its responses to paragraphs 1 through 42 of the Complaint as though fully set forth at length herein.

44. Sequa makes no response to the allegations asserted in Paragraph 44 of the Complaint as same are not directed against it.

WHEREFORE, Sequa Corporation demands judgment in its favor against Plaintiff dismissing the Complaint in its entirety with prejudice together with costs of suit, counsel fees and such other relief the Court deems equitable and just.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff lacks standing to assert them.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the terms, conditions and exclusions of any applicable agreements and plans, and its remedies, if any, are limited thereby.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's state law claims are preempted by ERISA, 29 U.S.C. §1001, et seq.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by ERISA, 29 U.S.C. §1001, et seq.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff or its assignors failed to exhaust all administrative remedies.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the benefit determinations at issue were not an abuse of discretion, arbitrary, capricious, without reason, unsupported by substantial evidence, or erroneous as a matter of law.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutory or contractual limitations on actions.

### NINTH AFFIRMATIVE DEFENSE

Sequa has no obligation, by operation of law or otherwise, for the liabilities that Plaintiff asserts.

### TENTH AFFIRMATIVE DEFENSE

Sequa had no duty to Plaintiff or its assignors.

### ELEVENTH AFFIRMATIVE DEFENSE

Sequa properly discharged any duty it had to Plaintiff or its assignors.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of payment and accord and satisfaction.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery insomuch as any loss or damage allegedly sustained by Plaintiff was a result of actions or omissions of persons over whom Sequa exercised no authority or control.

### FOURTEENTH AFFIRMATIVE DEFENSE

Sequa states that at all times material hereto, it acted in good faith.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of collateral estoppel, res judicata and other issue and/or claim preclusion doctrines.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### NINETEENTH AFFIRMATIVE DEFENSE

Sequa took no action which violated or could reasonably be believed to be violating any rule, regulation, statute, court rule or the public policy of the State of New Jersey or Federal law.

### TWENTIETH AFFIRMATIVE DEFENSE

All actions taken by Sequa were authorized by law.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff suffered no loss or damages by reason of any act or omission by Sequa.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The Answering Defendant is in no way contractually bound or liable to plaintiff with reference or pertaining to the subject matter of the Complaint.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to name indispensable parties.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Sequa reserves the right to amend and/or supplement these defenses as discovery in this matter continues.

REQUEST FOR STATEMENT OF DAMAGES

Pursuant to L.Civ.R. 8.1, Sequa requires that Plaintiff, within 10 days of service of this pleading, provide a written statement in the amount of damages claimed in the within action.

                                        POTTERS & DELLA PIETRA LLP
                                        Attorneys for Defendant,
                                        Sequa Corporation

                                By:   s/ Gary Potters
                                      GARY POTTERS, ESQ.

Dated: May 2, 2013

LOCAL CIVIL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, the undersigned attorney for Sequa Corporation certifies that, to the best of his knowledge, the matter in controversy is not the subject of any other action pending in any court or of any arbitration or administrative proceeding.

                                        POTTERS & DELLA PIETRA LLP
                                        Attorneys for Defendant,
                                        Sequa Corporation

                                By:    s/ Gary Potters
                                      GARY POTTERS, ESQ.

Dated: May 2, 2013

CERTIFICATION OF SERVICE

I, Gary Potters, Esq., a member of the Bar of this Court, hereby certify that a copy of the within Answer, Affirmative Defenses and Request for Statement of Damages was served this day by electronic filing and regular mail upon attorneys for Plaintiff, Andrew R. Bronsnick, Esq. of Massood & Bronsnick, 50 Packanack Lake Road East, Wayne, New Jersey 07470.

                POTTERS & DELLA PIETRA LLP
                Attorneys for Defendant,
                Sequa Corporation

       By:    s/ Gary Potters
                GARY POTTERS, ESQ.

Dated: May 2, 2013